UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUMBERTO FARIAS,

      *Plaintiff*,

  v.

CPI/GV CRESTVIEW ESTATES OWNER, LLC, *et al.*,

      *Defendants*.

Civil Action No. 22-2654 (RDM)

## MEMORANDUM OPINION

For the reasons explained below, the Court will dismiss the current the complaint, Dkt. 1, without prejudice for failure to allege facts sufficient to sustain subject-matter jurisdiction in this Court, and will deny plaintiff's motion for leave to file an amended complaint as futile. *See* Fed. R. Civ. P. 8(a). Plaintiff's filings hint at only two possible sources of subject-matter jurisdiction: His existing complaint seeks to invoke the Court's diversity jurisdiction, and his proposed, amended complaint seeks to invoke the Court's federal-question jurisdiction. Both efforts fail as a matter of law.

Seeking to invoke the Court's diversity jurisdiction, the existing complaint correctly observes that "federal courts may hear cases in which a citizen of one State sues [a] citizen of another State and the amount at is stake is [at least] [$75,000]." Dkt. 1 at 2; *see* 28 U.S.C. § 1332. The difficulty that plaintiff faces is he then alleges that he is a resident of the State of California and that one of the three defendants, Crestview Mobile Home Estates, LLC, is also a California resident, Dkt. 1 at 1-2, and § 1332 requires complete diversity between the plaintiff

and the defendants, *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  In light of this difficulty, the Court issued an order directing that plaintiff show cause on or before October 3, 2022 why the case should not be dismissed for lack of jurisdiction.  Min. Order. (Sept. 18, 2022).  Plaintiff failed to respond to this order, and the Court now concludes that it lacks diversity jurisdiction over this matter.

Presumably recognizing that the Court lacks diversity jurisdiction, plaintiff seeks leave to file an amended complaint, alleging a single claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964.  Dkt. 2 at 4-5.  Although this Court would have federal-question jurisdiction over a properly pled RICO claim, *see* 28 U.S.C. § 1331, plaintiff's motion for leave to amend is futile for a different reason:  Plaintiff does not come close to alleging facts sufficient to state a RICO claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  He does not identify, for example, a RICO enterprise, nor does he allege that such an enterprise engaged in a pattern of racketeering activity.  *See W. Assocs. Ltd. P'ship v. Mkt. Square Assocs.*, 235 F.3d 629, 633 (D.C. Cir. 2001).  Among other things, a "pattern of racketeering activity" requires a relationship between two or more racketeering predicates that "amount to or pose a threat of continued criminal activity."  *H.J. Inc. v. N.W. Bell Tel. Co*., 492 U.S. 229, 239 (1989).  Continuity, in turn, requires "a 'closed period of repeated conduct' or a threat of future criminal activity."  *W. Assocs. Ltd. P'ship*, 235 F.3d at 633 (quoting *H.J., Inc.*, 492 U.S. at 241).  In determining whether a plaintiff has alleged a "pattern of racketeering activity," courts must consider an array of factors, including the number of allegedly unlawful acts, the period of time over which those acts were allegedly committed, the similarity of the alleged acts, the number of alleged victims, and the character of the unlawful activity.  *Id.* at 634.  Not every alleged fraud or alleged theft constitutes a RICO conspiracy, and, here, plaintiff's

proposed, amended complaint lacks any of the indicia of a RICO violation.  A plaintiff cannot inveigle his way into federal court by simply relabeling a state-law fraud or theft claim as a federal RICO claim.

The Court will, accordingly, dismiss plaintiff's original complaint without prejudice for lack of subject matter jurisdiction, Dkt. 1, and will deny leave to file an amended complaint on grounds of futility, Dkt. 2.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  October 7, 2022